

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2003

# USA v. Harding

Precedential or Non-Precedential: Non-Precedential

Docket 02-2102

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Harding" (2003). *2003 Decisions.* Paper 856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-2102

———

UNITED STATES OF AMERICA

v.

JAMEY M. HARDING,

Appellant.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-cr-00088)
District Judge: The Honorable Malcolm Muir

———

Submitted under Third Circuit LAR 34.1(a)
January 16, 2003

Before:  ROTH, FUENTES and ALDISERT, Circuit Judges.

(Filed January 28, 2003)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

    In this appeal by Jamey M. Harding, who pleaded guilty to receiving in interstate commerce

visual depiction of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§

2252(a)(2) and (b)(1), we must decide if the district court abused its discretion in imposing a

supervised release condition that restricted Appellant's use of a computer during his period of

supervised release.

Because the parties are familiar with the facts and the proceedings in the district court, we

will discuss only the legal issue presented.

The presentence report contained certain incontrovertible recitations of fact, including the

execution of a search that resulted in the seizure of numerous items:

> [I]ncluding computer disks and videotapes containing pornographic images of minors between the ages of 12 and 16,...20 Polaroid photographs depicting nude males which were minors engaged in sexually explicit conduct (Defense Counsel advised that Jamey Harding was present when eight of the 20 were taken), various personal papers and assorted computer equipment including a scanner. Eleven separate disks contained a total of approximately 1,500 images, of which approximately 14 clearly depicted child pornography.

United States v. Harding, No. 4:CR-01-00088-001, 4 (M.D. Pa. Nov. 30, 2001) (Presentence

Investigation Report).

In imposing a computer-use restriction, the court explained:

> The reasons for the sentence to be imposed in this case are to provide just punishment for the offense, to deter Mr. Harding and other persons similarly situated, and to protect the public.

App. at 16.

The court then imposed supervised release including conditions that:

> [T]he defendant shall not possess or use a computer with access to any on-line computer service at any location, including employment, without prior approval of the probation officer. This includes any internet service provider, bulletin board system, or any other public or private computer network. Any approval by the probation officer shall be subject to any conditions which the probation officer may set from time to time...

> The defendant shall consent to the probation officer conducting periodic unannounced examinations of computer equipment to which the defendant has access, which may include retrieval and copying of all data from any computer and any internal or external peripherals to ensure compliance with this condition, and to

the removal of such equipment for the purpose of conducting a more thorough inspection.

The defendant shall consent to having installed on any computer at the defendant's expense any hardware or software systems to monitor the defendant's computer use.

App. at 17-18.

Later, in its April 15, 2002 Order, the court expounded on its reasoning behind the inclusion of these conditions:

In crafting the sentence in this case, the court considered several factors, including the need for a sentence that would protect the public. The restriction on computer use as a condition of the three year term of supervised release was imposed as a means to deter Mr. Harding from engaging in criminal activity involving computers and to protect the public from possible criminal activity of Harding.

App. at 38-39.

We are satisfied that the district court did not abuse its discretion and will affirm.

In United States v. Loy, 237 F.3d 251 (3d Cir. 2001), we frowned on supervised release conditions that, "without a more definitive standard to guide the probation officer's discretion," imposed a ban on all "pornography" — a term which we deemed overly broad and void of core meaning. Id. at 266. In the present case, we are satisfied that the restriction imposed by the district court was clearly limited to child pornography — the specific offense for which Appellant was convicted.

In United States v. Crandon, 173 F.3d 122 (3d Cir. 1999), we approved the following condition of supervised release in a child pornography case in which the defendant utilized the Internet to contact a minor, initiate a personal encounter and subsequently engage in sexual activities, photographically record the activities and receive the images through interstate commerce:

The defendant shall not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, Internet, or exchange format involving computers unless specifically approved by the U.S. Probation Office.

Id. at 127.

We are satisfied that the reasoning set forth by the district court brings this case within the teachings of Crandon and therefore conclude that the district court did not exceed the limits of a permissible exercise of discretion.

\* \* \* \* \*

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———

TO THE CLERK:

Please file the foregoing opinion.

/s/ Ruggero J. Aldisert
Circuit Judge